IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TUMEY L.L.P., TOD T. TUMEY, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:21-00113-CV-RK |
| MYCROFT AI INC., JOSHUA MONTGOMERY, MICHAEL LEWIS, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' motion to vacate or modify the Court's preliminary injunction Order and stay or suspend it pending appeal. (Doc. 44.) The motion is fully briefed. (Docs. 45, 59, 67.) For the reasons below, the motion is **DENIED.**

Following an evidentiary hearing held March 29, 2021, following careful consideration of the record and briefing, the Court entered its Order granting Plaintiff's motion for preliminary injunction on March 31, 2021. (Doc. 34.) Defendants now seek to modify, vacate, stay, or suspend that Order upon reasons substantially similar to those offered in its opposition briefing and argument as to Plaintiff's motion for temporary restraining order or preliminary injunction.

### Legal Standard

"Modifying or dissolving a preliminary injunction is proper only when there has been a change of circumstances . . . that would render the continuance of the injunction in its original form inequitable." *Ahmad v. City of St. Louis*, 995 F.3d 635, 640 (8th Cir. 2021) (internal quotation marks omitted). Generally, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Id.* (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). As such, "[w]hen considering whether to modify a preliminary injunction, a district court[,]" though "not bound by a strict standard of changed circumstances[,] is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law." *Id.* (internal quotation marks omitted).

Ordinarily, an interlocutory judgment in an action for an injunction is not stayed after being entered, even if the opposing party appeals. Fed. R. Civ. P. 62(c)(1). "To warrant a stay, [Defendants] must first demonstrate that the Court's Order of March [31] will irrevocably and

adversely change their claimed rights and powers before the Eighth Circuit Court of Appeals has an opportunity to determine the validity of the Order." *Jenkins v. State of Mo.*, 965 F. Supp. 1295, 1298 (W.D. Mo. 1997). This required showing is two-fold: (1) "the alleged threat of irreparable injury must be capable of occurring (and likely to occur or 'imminent') between the effective date of the Order and the date when the court of appeals will likely rule on the validity of the Order" and (2) "the disputed Order will directly cause the alleged irreparable injury." *Id.*

## Discussion

Here, Defendants have not shown any change of circumstances, facts, or the law. Defendants have not demonstrated any imminent threat that the Court's Order granting the preliminary injunction will directly, irrevocably, and adversely change their rights and powers and irreparably injure them between the Order's effective date and the date the court of appeals will likely rule on the Order's validity.

Defendants' motion essentially reiterates and expands upon arguments previously considered by the Court in the briefing and hearing on the motion for temporary restraining order or preliminary injunction. The Court finds no reason to depart from its prior findings and rulings given Defendants' failure to make the requisite showings to warrant vacating, modifying, staying, or suspending its Order granting the preliminary injunction in this case.

## Conclusion

Accordingly, Defendants' motion to vacate or modify the Court's preliminary injunction Order and stay or suspend it pending appeal is **DENIED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 2, 2021