# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| TUMEY L.L.P., TOD T. TUMEY, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:21-00113-CV-RK |
| MYCROFT AI INC., JOSHUA MONTGOMERY, MICHAEL LEWIS, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Mycroft AI Inc.'s motion for reconsideration (Doc. 71) challenging the Court's ruling granting Plaintiffs' motion to redact portions of the preliminary injunction hearing transcript. Plaintiffs oppose Defendant's motion and seek additional redactions on the grounds argued in its original motion to redact. Plaintiff further requests Defendant's motion be sealed in its entirety because it gives detailed descriptions of and directly quotes from testimony the Court ordered redacted (Doc. 62), without filing their motion under seal. The motion is fully briefed. (Docs. 81, 92.) For the reasons below, the motion for reconsideration is **DENIED**.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "[T]he common-law right of access applies to judicial records in civil proceedings." *Id.* This right of access is not absolute; rather, the Court must employ its discretion to determine whether there are sufficient grounds to override the common-law right of access. *Id.* at 1222-23. The Eighth Circuit recognizes that "the consideration of competing values is one heavily reliant on the observations and insights of the presiding judge." *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996) (internal quotation marks omitted). The *McDougal* court further stated:

> Moreover, our deferential standard under the common law is in harmony with the Supreme Court's analysis in *Nixon v. Warner Communications, Inc.,* 435 U.S. at 598, 98 S.Ct. at 1312 [(1978)], in which the Court stated that "[e]very court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes." The Supreme Court concluded, with respect to the common law right of public access, "the decision as to access is best left to the sound discretion of the trial court, a discretion to be

exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. at 1312–13.

*Id.* at 658.

Plaintiff sought redaction of the below-listed portions of the transcript of the hearing based on "(1) personal identifying information of third-party witnesses, and (2) portions of the transcript discussing sensitive security information about Plaintiffs' computer systems as well as Plaintiffs' techniques and plans for monitoring, investigating, and defending against cyber-attacks." (Doc. 61 at 1.)

After review, the Court finds as follows:

1. The following portions are properly redacted as falling within category 2 of the grounds cited by Plaintiff in its motion to redact:

    a. Chilton Webb's testimony at:
        i. Transcript Page 90:15-17
        ii. Transcript Page 93:21-24
        iii. Transcript Pages 97:25-98:9
        iv. Transcript Pages 99:14-100:7
        v. Transcript Page 106:10-15
        vi. Transcript Page 109:13-21
        vii. Transcript Pages 113:10-114:4
        viii. Transcript Page 115:20-23
        ix. Transcript Page 118:2-21
        x. Transcript Page 120:2-10
        xi. Transcript Page 121:7-25
        xii. Transcript Pages 122:21-123:3
        xiii. Transcript Page 123:23-24
        xiv. Transcript Page 126:15
        xv. Transcript Page 128:16-19
        xvi. Transcript Page 129:19-24
        xvii. Transcript Page 134:12-13

2. The following portions are properly redacted as falling within category 1 of the grounds cited by Plaintiff in its motion to redact:
    a. Chilton Webb's testimony at:
        i. Transcript Pages 131:2-4, 15, 21, 22
    b. Christina Butler's testimony at:
        i. Transcript Page 137:25
3. The following portions require redaction for the grounds cited in category 1 of Plaintiff's motion to redact and in light of the parties' agreement that redaction is appropriate to protect personal identifiers:
    a. Transcript Page 60:4-5, 8-11, 19
    b. Transcript Page 61:4, 17
    c. Transcript Page 68:11

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's motion to reconsider (Doc. 71) is **DENIED.**

(2) The Court Reporter shall file a redacted transcript reflecting the changes listed in item 2 above.

(3) The Clerk shall seal Defendant's motion for reconsideration (Doc. 71).

(4) Defendant shall refile its motion for reconsideration with detailed descriptions of and direct quotes from testimony the Court ordered redacted (Doc. 62) redacted from the motion.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: June 22, 2021