IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TUMEY LLP and TOD T. TUMEY, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 21-0113-CV-W-BP |
| ) | |
| MYCROFT AI INC., JOSHUA ) | |
| MONTGOMERY, and MICHAEL LEWIS, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR ATTORNEY FEES**

Plaintiffs filed this case in February 2021; some claims were disposed of before and during trial, and a jury found for Defendants on the remaining claims. Defendants have now filed a Motion for Attorney Fees, (Doc. 300), which is **DENIED**.

**I. BACKGROUND**

Plaintiffs' claims arose from their assertion that "Defendants have undertaken and/or incited a vicious, relentless, and escalating campaign of . . . harassment by telephone and email, online hacking, phishing, identity theft, and other cyberattacks, and even threats of death and bodily harm . . . ." (Doc. 1, ¶ 3.) From these facts, Plaintiffs asserted (1) two claims based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) two claims based on violations of other federal statutes, (3) two claims based on violations of state statutes, and (4) four tort claims. Three counts were dismissed for failure to state a claim, (Doc. 101), and one claim was disposed of via summary judgment, (Doc. 201), leaving six claims for trial. During the trial, Plaintiffs withdrew three claims because they sought damages for the same wrongs addressed by other counts. (Doc. 298.) The following claims were submitted to the jury:

> Count I        RICO,
>
> Count VI       Harmful access by computer in violation of § 143.001 of the Texas Civil Practice and Remedies Code, and
>
> Count VII      Intrusion on seclusion in violation of Texas common law.

The jury found for Defendants on these three claims. Defendants now seek attorney fees, and Plaintiffs oppose the request. The Court resolves the parties' arguments below.

## II.  DISCUSSION

The factual and legal basis for Defendants' request seems to have shifted during the briefing. With respect to the factual basis, Defendants begin by discussing Plaintiffs' motivations for filing suit, some of their tactical choices during discovery, and Plaintiff Tod Tumey's conduct immediately after the jury returned its verdict. (Doc. 300, pp. 1-2.) Later, the motion focuses on the evidence Plaintiffs presented (and did not present) at trial. (Doc. 300, pp. 6-8.) Still later, Defendants discuss perceived slights during discovery, (Doc. 300, p. 9), none of which were previously brought to the Court's attention. Finally, in their Reply Suggestions Defendants seem to narrow the basis for their request, explaining that their

> motion for fees is not based on pre-trial allegations and conduct. Rather, it turns on Plaintiffs' failure to prove that which they repeatedly assured the Court they would prove: that the temporal, circumstantial evidence tying filings in the underlying patent litigation and harassment of Tumey and the Tumey Law Firm could only lead to one conclusion – the Defendants were culpable. Relying on sweeping allegations of "timing" asserted by Plaintiffs, this Court and the Eighth Circuit gave Plaintiffs every opportunity to make their case. But Plaintiffs failed to present any such evidence at trial to prove their oft-repeated theory that the timing would clearly establish the Defendants' liability.

(Doc. 308, p. 2.) The Court will accept this as the factual basis for Defendants' motion.

With respect to the legal basis for their request, Defendants' motion mentions (1) RICO's fee shifting provision, (2) Texas's counterpart to Rule 11 of the Federal Rules of Civil Procedure, (3) Federal Rule of Civil Procedure 54, and (4) exceptions to the American Rule, which provides

2

that ordinarily parties in litigation must pay their own attorneys. (Doc. 300, pp. 3-5.) Their Reply Suggestions seem to focus on exceptions to the American Rule, (Doc. 308, pp. 1-2), so the Court will follow suit.[1]

"Under the longstanding American Rule, parties are required to pay their own attorney's fees unless an award of fees is authorized by statute. There are, however, three categories of exceptions in those cases in which the opposing party's conduct amounts to abuse of the judicial process." *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003) (citation omitted). Two of those categories – the common fund exception and a party's disobedience of a court order, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) – are not at issue here. Defendants' motion implicates only the third category, which applies "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46 (cleaned up). "This inherent power reaches conduct both before and during litigation as long as that conduct abuses the judicial process in some manner. A bad faith finding is specifically required in order to assess attorneys' fees." *Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 751 (8th Cir. 2004).

This standard has not been met. Defendants' argument is, essentially, that Plaintiffs failed to convince the jury (or did not take the steps necessary to convince the jury) that Defendants were liable. In other words, Plaintiffs lost at trial. Losing at trial does not demonstrate bad faith. Moreover, the bad faith exception to the American Rule does not permit the Court to assess the quality of an attorney's work and award fees if it does not satisfy some level of competence or

---

[1] The Court additionally observes the other potential grounds mentioned by Defendants would not justify an award of fees. RICO does not allow the prevailing party to recover fees; it allows an award of fees only to "[a]ny person injured in his business or property by reason of a violation of" RICO, 18 U.S.C. § 1964(c), and cases awarding fees to Defendants in RICO cases have required some other basis for such an award. *E.g., Sullivan v. Hunt*, 350 F.3d 664, 665-66 (7th Cir. 2003); *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996). Texas's counterpart to Rule 11 is a procedural rule that does not apply in federal court, and Defendants do not say much to demonstrate it (or Rule 11) has been violated. Finally, Federal Rule of Civil Procedure 54(d)(2) is not an independent grant of authority to award attorney fees or an exception to the American Rule; it only describes the process for requesting fees if such authority exists. *See, e.g., Marx v. General Revenue Corp.*, 568 U.S. 371, 381 (2013).

3

quality.  In any event, the Court does not agree with Defendants' assertion that Plaintiffs failed to present evidence to support their claims as, (*see* Doc. 308, p. 2); Plaintiffs presented evidence, but the jury was not persuaded.

Seven of Plaintiffs' claims survived a Motion to Dismiss, and six of those seven survived a Motion for Summary Judgment.  Three claims were withdrawn by Plaintiffs because they were duplicative, and the three remaining claims were submitted to the jury.  Substantial evidence established Plaintiffs experienced various forms of cyberattacks, and (contrary to Defendants' assertion) some evidence suggested a connection between those cyberattacks and other disputes between Plaintiffs and Defendants.  At trial, Plaintiffs were unable to persuade the jury Defendants committed these acts.  Put simply, Plaintiffs lost; but nothing in this sequence of events supports a conclusion Plaintiffs acted in bad faith or should otherwise be required to pay Defendants' attorney fees.[2]

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorney Fees, (Doc. 300), is **DENIED**.  IT IS SO ORDERED.

DATE: January 27, 2023

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court emphasizes its decision is not based on Plaintiffs' assertion that "[t]hroughout this case, Defendants continued their cyberattacks and harassment of Mr. Tumey's family and his counsel – all the way through trial." (Doc. 304, p. 16.)  The Court makes no finding regarding this assertion because it is irrelevant to the issues before it.